NEIL BOLEN, *Plaintiff in Error,* VS. STATE OF FLORIDA, *Defendant in Error.*

137 So. 8.

Division A.

Opinion filed October 9, 1931.

*Zewadski & Pierce,* for Plaintiff in Error;

*Cary D. Landis,* Atty. Gen., and *Roy Campbell,* Asst., for Defendant in Error.

BUFORD, C.J.—In this case the plaintiff in error was convicted of the crime of perjury. The information is lengthy. It is alleged in effect therein that after a jury was empaneled in a certain cause "it then and there became and was a material question whether or not the said NEIL BOLEN did approximately three months prior to the trial aforesaid, have a conversation with two jurors who were then and there regularly sworn to try the issues in the said case of the State of Florida against Tyree C. Whitehurst, as aforesaid, the said jurors being Louis Kemp and James T. Yerby, with reference to the

guilt or innocence of the said Tyree C. Whitehurst, and as to whether or not the said jurors Louis Kemp and James T. Yerby had expressed an opinion and had become prejudiced as to the guilt of the said Tyree C. Whitehurst from the reading of newspaper articles, and the said NEIL BOLEN, being so sworn as aforesaid, then and there upon the trial of said issues, on his oath as aforesaid, falsely, corruptly, knowingly, wilfully and maliciously, before the said jurors aforesaid, and before the Honorable W. Raleigh Petteway, Judge presiding over said court as aforesaid, did depose and swear concerning said material question in substance and to the effect following,'' etc.

The Information shows on its face that the matter about which it is alleged that the defendant falsely testified was not material to the issues then being tried before the Court. It could make no difference as to the guilt or innocense of Tyree C. Whitehurst whether this defendant heard or did not hear two of the jurors named in the Information express an opinion as to the guilt or innocence of the said Whitehurst. Materiality of the alleged false statement is an essential element of the crime of perjury which, in order to sustain a conviction, must be alleged and proven. Yarborough vs. State, 79 Fla. 256, 83 Sou. 873, and cases there cited.

As this case must be reversed for the reasons above stated, it is not necessary to consider other assignments of error. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.