ANGELO D'ALESSANDRO v. STATE.

156 So. 702.
Opinion Filed October 3, 1934.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was convicted

of perjury on an indictment, the charging part of which was as follows:

"That Angelo D'Alessandro, on the 5th day of August, 1933, at and in the County of Lee, being duly sworn to speak the truth, the whole truth and nothing but the truth, by John R. West, Justice of the Peace of the Third Justice District of Lee County, Florida, in the Justice of the Peace Court, Third District, Lee County, in the preliminary trial of the State of Florida versus Angelo D'Alessandro, charged with the crime of having in his possession, offering to sell and selling to one Arch Williams lottery tickets, to-wit, tickets commonly known as Bolita tickets, in the Third Justice District of Lee County on July 28, 1933; the said John R. West having competent authority to administer the oath to him the said Angelo D'Alessandro as aforesaid, *and the said Angelo D'Alessandro being a witness for the defendant in the above styled case,* and the said John R. West as such Justice of the Peace having competent jurisdiction to hold the preliminary trial aforementioned; and the said Angelo Alessandro, as such witness as aforesaid, did then and there willfully and corruptly swear falsely *in regard to a material matter in said cause;* that is to say, the said Angelo D'Alessandro did then and there willfully and corruptly testify and say in substance and effect that he the said Angelo D'Alessandro did not have in his possession, offer to sell or sell any lottery tickets to Arch Williams or to anybody on July 28, 1933. Whereas, in truth and in fact, as the said Angelo D'Alessandro did on July 28, 1933, in the Third Justice of the Peace District, in Lee County, Florida, have in his possession, offer to sell and sell to one Arch Williams, lottery tickets, to-wit tickets commonly known as Bolita tickets; contrary to the form of the stat-

ute in such case made and provided and against the peace and dignity of the State of Florida."

There are a number of assignments of error presented, but it is only necessary for us to deal with one which attacks the sufficiency of the indictment.

The indictment was subjected to a motion to quash which should have been granted.

The indictment is insufficient in that it fails to show upon its face that there was any justiciable issue being tried befort the Justice of the Peace Court at the time the false oath is alleged to have been deposed by the accused. The allegations of the indictment are insufficient to show that at the time of the alleged false deposition the preliminary trial alleged to have been in progress involved the alleged violation of any law of the State of Florida. See D'Alessandro v. State, 114 Fla. 70, 153 Sou. 95.

Section 6024 R. G. S., 8318 C. G. L., authorizes all judicial officers to issue warrants against persons charged on oath with the violation of the criminal laws of the State and further provides that such officers may commit offenders to jail or recognize them to appear before the proper court, the next ensuing term thereof, to answer the charge, or may discharge them from custody. But, the statute does not authorize a preliminary hearing unless a charge is first made against the acused of an act which constitutes a criminal offense.

It is well settled that the materiality of the alleged false testimony is an essential element of the crime of perjury. Bolen v. State, 103 Fla. 22, 137 Sou. 8; Yarbrough v. State, 79 Fla. 256, 83 Sou. 873; Fields v. State, 94 Fla. 490, 114 Sou. 517; Tindall v. State, 99 Fla. 1132, 128 Sou. 494.

For testimony to be material it must have some weight and reference to the determination of an issue which is

before the court for judicial determination. The indictment fails to show this necessary fact and if the materiality of the assignment of perjury could be made to appear by testimony, although not shown upon the face of the indictment, this was not done because the affidavit which was introduced in evidence as being the affidavit which constituted the basis for the preliminary trial referred to in the indictment showed upon its face that no offense against the laws of the State of Florida was therein charged as it presented all the infirmities which were pointed out as to the indictment in the case of D'Alessandro v. State, *supra*.

Aside from this fatal infirmity, the indictment was bad because it was vague, indefinite and did not charge directly the substance of the alleged false deposition but only charged the false deposition by way of videlicet and in the videlicet it is not alleged that the deposition was willfully and falsely made but is only charged that it was willfully and corruptly made.

For the reasons stated, the judgment should be reversed.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.