RODIE RIVERS v. STATE.

164 So. 544.
Division B.
Opinion Filed December 10, 1935.

Murray W. Overstreet, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

ELLIS, P. J.—The plaintiff in error was tried in Osceola County for the offense of perjury in September, 1933. The jury by its verdict found her guilty as charged, and in October the Court sentenced her to a term in the State prison. She seeks a reversal of the judgment on writ of error.

Counsel for the accused attacked the sufficiency of the indictment by a motion to quash it. The first question presented here for determination is the correctness of the court's order in overruling the motion to quash.

The indictment is in one count and alleges in substance that the Grand Jury for Osceola County in March, 1932, was convened in regular session; that it was investigating the death of one Jim Tyson, whom it was alleged Jesse Wade killed unlawfully and feloniously within Osceola County; that a subpoena to testify before the Grand Jury in said investigation was issued to Rodie Rivers and served upon her; that she appeared before the Grand Jury in response to the subpoena; that she was duly sworn to tell the truth in the investigation which the Grand Jury was making, "and the issue which was at that time before the said Grand Jury, in session as aforesaid, was whether or not one Jessie Wade had stabbed one Jim Tyson with a knife in Osceola County, Florida, on March 20, 1932"; that Rodie Rivers testified and said in substance "that she was not in the same room with Jim Tyson and Jessie Wade, when

Jessie Wade struck Jim Tyson with a knife; whereas, in truth and fact, as she the said Rodie Rivers then and there well knew, it was not the truth that she was not in the same room with Jessie Wade and Jim Tyson when Jessie Wade struck Jim Tyson with a knife."

It is alleged that the accused Rodie Rivers was in the room with Wade and Tyson when Wade struck Tyson with a knife. It is, of course, alleged that her denial of her presence in the same room with the two men when one struck the other with a knife was untrue.

The objection raised by the motion to quash was that it did not appear from the allegations of the indictment that the alleged false statement of the witness as to her presence in the same room with the two men when one struck the other with a knife was in relation to a matter material to the investigation then being made by the Grand Jury.

An investigation by a Grand Jury of a crime that is within its jurisdiction to investigate and to indict for is a judicial proceeding in a court of justice, and perjury committed before such a jury in such an investigation is within that "phase of the crime" provided for by Section 7477 C. G. L. 1927 (Rev. Stats. Sec. 2561, 1892; Chaft v. State, 42 Fla. 567, 29 South. Rep. 418; Tindall v. State, 99 Fla. 1132, 128 South, Rep. 494.

The matter which was being investigated by the Grand Jury was the nature or character of the act, whether unlawful, accidental or justifiable, of Wade when he struck Tyson with the knife. The indictment in three or four clauses charged that the Grand Jury was investigating the death of Tyson, "who, it had been alleged, had been unlawfully and feloniously killed" within Osceola County "by one Jessie Wade.". In another clause the indictment charges that the Grand Jury "was inquiring and investi-

gating into the death of the said Jim Tyson." In still another clause the indictment charges that the jury was "inquiring and investigating into" the "said death, killing, and murder of the said Jim Tyson" and again it charges that "the issue which was at that time before the said Grand Jury, in session as aforesaid, was whether or not one Jessie Wade had stabbed one Jim Tyson with a knife in Osceola County, Florida, on· March 20, 1932."

· The purpose of the investigation by the Grand Jury of the alleged killing of Tyson was to determine the character of the act by which he came to his death at the hands of Wade in order that it might decide whether the indictment for murder should be indorsed by the Foreman of the Grand Jury a "true bill" or not a "true bill." See Sec. 8367 C. G. L. 1927.

Now "Materiality of the alleged false testimony is an essential element of the crime of perjury which, in order to sustain a conviction, must be alleged and proved." See Yarborough v. State, 79 Fla. 256, 83 South. Rep. 873; Tindall v. State, *supra;* D'Alessandro v. State, 116 Fla. 749, 156 South. Rep. 702; Bolen v. State, 103 Fla. 22, 137 South. Rep. 8.

It is apparent that the fact of the presence of Rodie Rivers, the accused, in the same room with the two men when one struck the other with a knife is in no manner material to the question whether the act of the man who struck the other was unlawful or not.

She may not have been in the room where the two men were and yet have seen one strike the other with a knife. So if she should testify that she saw one strike the other the fact that she was not in the room at the time would be a legitimate question on cross examination, going to her opportunity for observing minutely the details of the occur-

rence under investigation but could not be material to the question relating to the criminality of the act. While the indictment alleges that her statement that she was not in the room was material to the investigation, the facts alleged as to the matter being investigated show the statement not to be material, nor can it be said that the statement tended to "support and give credit to a witness in support of the main fact." See Herndon v. State, 72 Fla. 108, 72 South. Rep. 833, because it is not alleged whether or not the witness, Rodie Rivers, testified or would testify that she saw one man strike the other with a knife, which was the main fact.

The circumstance of the woman's presence in the room when one man struck the other with a knife had no weight or reference to the determination of the issue which was before the Grand Jury for determination as to whether there should be an indictment against Wade for murder, or any other crime involving the killing of Tyson in the absence of information as to whether the accused Rodie Rivers testified or would testify that she did not see Wade strike Tyson with the knife.

We are of the opinion, therefore, that the indictment failed in its allegations to charge the offense of perjury by false swearing as to a material point, or that would support and give credit to the witness in support of the main fact.

There was error in not sustaining the motion to quash the indictment, so the judgment is reversed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.