FUSSELL, CARROLL, Associate Judge.
Peter Bazarte appeals from a conviction of perjury alleged to have been committed when he testified falsely as a witness in a preliminary hearing against Robert and Kenneth Plemmerle being held by the Judge of the Criminal Court of Record of Broward County. One of the points argued most strenuously by the appellant as a ground for reversal is that there was no judicial proceeding, since the Judge of the Criminal Court of Record had no authority to conduct this particular preliminary hearing. Appellant maintains that the County Solicitor stipulated in the record, before the beginning of the trial, that the State would proceed under Florida Statutes Sec. 837.02, F.S.A., which provides:
“837.02 Perjury in judicial proceeding ; punishment.
“Whoever being lawfully required to depose the truth in any proceeding in a court of justice, commits perjury, * * *.” (Emphasis supplied.)
Appellant then argues that the preliminary hearing in which this defendant testified as a witness was and could not be a judicial proceeding for the reason that the judge who presided at the preliminary hearing was empowered to try the charge being investigated and therefore was disqualified to conduct this preliminary hear *228 ing under the provisions of Florida Statutes Sec. 902.01, F.S.A., which provides:
“902.01 Duty of magistrate.
“When a defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed an offense, which the magistrate is not empowered to try and determine, the magistrate shall immediately inform him: * * (Emphasis supplied.)
Relative to this matter the Supreme Court of Florida in Davis v. State, 65 So. 2d 307, 308, said:
“The magistrate conducting the preliminary hearing must be an officer not empowered to try and determine the offense. Section 902.01, F.S.A.” (Emphasis supplied.)
In reply to this argument the Attorney General in his brief says:
“There is no showing that the magistrate who conducted the preliminary hearing was an individual with power to try and determine the case which was then before him, and there is no showing in the record as to what court the defendants, Robert and Kenneth Hemmerle, were eventually bound over to. In fact the testimony concerning the preliminary hearing gives no concrete proof as to what the charges were then pending against the Hem-merles.”
A careful search of the record indicates that the above statement of the Attorney General is correct, as we have likewise been unable to find any testimony in the record indicating what charge had been made against Robert and Kenneth Hem-merle and which constituted the subject matter under consideration and investigation by the court in this preliminary hearing.
We, therefore, hold that since the record does not show what charge was being investigated in the preliminary hearing, there is no possible way for us to determine that the judge at the preliminary hearing was or was not empowered to try the charge being investigated. This finding, however, presents a most serious failure in the State’s proof of the crime of perjury.
Justice Thornal, in the case of Gordon v. State of Florida, Fla., 104 So.2d 524, 530r in discussing the definition and elements of perjury, says:
“The crime of perjury committed in a judicial proceeding is condemned by Section 837.02, Florida Statutes, F. S.A. * * *. The crimes are not clearly defined by the Statutes. We, therefore, look to cases and the common law for definitions. In Wharton’s Criminal Law & Procedure, Vol. 3, Sec. 1290, we find the following:
“ ‘At common law perjury was (1) the willful (2) giving of false testimony (3) on a material point (4) in a judicial proceeding, (5) by a person to whom a lawful oath had been administered.’
“See also Clark and Marshall, Crimes, 5th ed., p. 641, Sec. 446(a).
“The foregoing are the basic essentials in Florida. Miller v. State, 15 Fla. 577.”
It will be noted as to number (3) of this definition that the false, testimony must be on a material point.
This principle has been repeatedly and consistently announced and adhered to by the Florida courts: Miller v. State, 15 Fla. 577; Robinson v. State, 18 Fla. 898; Brown v. State, 47 Fla. 16, 36 So. 705; Yarbrough v. State, 79 Fla. 256; 83 So. 873; Bolen v. State, 103 Fla. 22, 137 So. 8; D’Alessandro v. State, 116 Fla. 749, 156 So. 702; Rivers v. State, 121 Fla. 887, 164 So. 544; Keir v. State, 152 Fla. 389, 11 So.2d 886; Rader v. State, Fla., 52 So.2d 105; Smith v. State, Fla., 92 So.2d 411.
*229 This requirement that the false testimony must he as to a material matter to constitute perjury appears in so many words in the Statutes itself relative to perjury committed in non-judicial proceedings:
“837.01 — Perjury otherwise than in judicial proceedings.
“Whover being duly authorized or required by law to take oath or affirmation, not in a judicial proceeding, lawfully swears or affirms falsely in regard to cmy material matter or thing, respecting which such oath or affirmation is authorized or required, shall be deemed guilty of perjury. * * (Emphasis supplied.)
It is true that a form of information charging perjury is set out in Section 923.03, Florida Statutes, F.S.A., as follows: “923.03 * * *
“(e) As to perjury:
“In the hearing of a cause in the .court of.County, Florida, in which.and others were plaintiffs and . others were defendants, after being duly sworn to speak the truth, falsely swore, etc. (stating the substance of the false testimony) such matter being material in said cause, and the said . then and there knowing that he swore falsely.” (Emphasis supplied.)
This form of information has been upheld by this court in State v. Fabian, 97 So.2d 178, 181, in which Judge Allen, after reviewing the law in regard thereto, said:
“We are of the opinion that the information conformed in substance with the statutory form and was therefore sufficient.”
It will be noted that the allegation as to materiality is definitely in the statutory information which has been upheld by the court, but the effect of this is merely to provide that this essential element may be alleged in this succinct manner without going into specific details to show in what manner the false testimony was material.
The case of D’Alessandro v. State, supra [116 Fla. 749, 156 So. 703], is quite similar to the instant case. It involved a preliminary hearing where the defendant was charged with having in his possession, offering to sell and selling, lottery tickets. In this case the court said:
“The indictment is insufficient in that it fails to show upon its face that there was any justiciable issue being tried before the justice of the peace court at the time the false oath is alleged to have been deposed by the accused. The allegations of the indictment are insufficient to show that at the time of the alleged false deposition the preliminary trial alleged to have been in progress involved the alleged violation of any law of the state of Florida. See D’Alessandro v. State, decided February 27, 1934, reported [114 Fla. 70] 153 So. 95.
“ * * *. But the statute does not authorize a preliminary hearing unless a charge is first made against the accused of an act which constitutes a criminal offense.-
“(2) It is well settled that the materiality of the alleged false testimony is cm essential element of the crime of perjury. * * *
“(3) For testimony to be material, it must have some weight and reference to the determination of an issue which is before the court for judicial determination. The indictment fails to show this necessary fact, and, if the materiality of the assignment of perjury could be made to appear by testimony, although not shown upon the face of the indictment, this was not done, because the affidavit which was introduced in evidence as being the affidavit which constituted the basis for the preliminary trial referred to in the indictment showed upon its face *230 that no offense against the laws of the state of Florida was therein charged, as it presented all the infirmities which were pointed out as to the indictment in the case of D’Alessandro v. State, supra.” (Emphasis supplied.)
Admittedly, under our statute form, it is not now necessary to charge with particularity facts showing the materiality of the false testimony, but it is none the less essential that a criminal charge shall be the subject of the investigation in the preliminary hearing, and it is certainly just as essential that evidence be offered as to what this charge is in the trial of a case for perjury by reason of false testimony given at the preliminary hearing, in order for the jury or the court to determine that the false testimony was material to the matter being investigated in the preliminary hearing. In other words, where, as admitted in this case, no evidence was offered, nor was there anything in the record to indicate what the charge was, that was being investigated in the preliminary hearing against Robert and Kenneth Hemmerle, it would be impossible for the court or jury to determine that the defendant was guilty of perjury by giving false testimony as to a matter which was material to this unknown charge.
Appellant further contends, that a preliminary hearing is not a judicial proceeding, and since the County Solicitor had stipulated that the case would be tried under Florida Statutes Sec. 837.02, F.S.A., that the case should be reversed, because the State had failed to prove that the false testimony was given in a judicial proceeding. We find this contention to be without merit.
An investigation before a grand jury or a hearing on habeas corpus would oft-times involve the identical questions and facts as are involved and settled and determined in a preliminary hearing. The Florida Supreme Court has determined that a grand jury investigation is a judicial proceeding. Craft v. State, 42 Fla. 567, 29 So. 418; Rivers v. State, 121 Fla. 887, 164 So. 544; Gordon v. State, 104 So.2d 524.
It is our opinion that a preliminary hearing is such a judicial proceeding as is contemplated in Florida Statutes Sec. 837.-02, F.S.A.
The other objections interposed by the appellant are either the same and subject to the same disposition as those raised in the case of Bazarte v. State of Florida, Fla. App., 114 So.2d 500, or else are now unnecessary to decide since the case is being reversed on other grounds.
Reversed with direction that the lower court grant a new trial.
Reversed.
ALLEN, C. J., and SHANNON, J., concur.