PER CURIAM.
Petitioners, two newspaper publishers and a television station, filed a petition, pursuant to Florida Rule of Appellate Procedure 9.100(d), to review the trial court action that, petitioners contend, excluded the press and public from access to a judicial proceeding.
We have considered the petition and responses and have read the transcript of the chambers conference from which the press was excluded. It is our considered judgment that the conference between the judge and counsel was not a judicial proceeding at which the press and public were entitled to be present. The purpose of the conference was to enable the judge to apprise counsel of the fact that his secretary had received an anonymous telephone call criticizing one of the parties and suggesting that the court file in the pending case should not be sealed. The judge’s action in advising counsel of the anonymous call was ethically appropriate. To require that the statement of an anonymous caller denigrat-
*1101 ing one of the parties be made public would serve no useful purpose. We would categorize the subject of this conference as being within the purview of those chambers matters referred to in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), wherein it is stated:
Thus, when engaging in interchanges at the bench, the trial judge is not required to allow public or press intrusion upon the huddle. Nor does this opinion intimate that the judges are restricted in their ability to conduct conferences in chambers, inasmuch as such conferences are distinct from trial proceedings. 448 U.S. 555, 100 S.Ct. 2814, at 2839, n.23, 65 L.Ed.2d 973.
Notice and a hearing are only required when the court decides to close a proceeding at which the press is entitled to be present. This is hot one of those proceedings.
Although all the parties discuss an additional question involving the requested sealing of the wife’s deposition without the McIntosh due process procedures, petitioners contend that they are not requesting review of that motion, which the court has not yet acted upon. Accordingly, we will treat only the single question presented by petitioners.
Accordingly, the petition is DENIED.
DOWNEY, DELL and WALDEN, JJ., concur.