**In re GRAND JURY EMPANELLED MARCH 8, 1983.**

**Misc. No. 83–711.**

United States District Court, E.D. Tennessee, N.D.

Jan. 31, 1984.

R. Louis Crossley, Jr., Knoxville, Tenn., for Knoxville Journal.

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

On November 29, 1983, the United States issued three grand jury subpoenas duces tecum to Jacob F. Butcher and his attorney William T. Ramsey. The return date on these subpoenas was continued until January 31, 1984. On January 25, 1984, Butcher and Ramsey mailed to the Clerk of this Court a motion to quash these subpoenas. At the request of the United States, and with consent of Butcher and Ramsey, this motion was not filed, but was handed to the Court pending a ruling on the United States' request to seal this motion from the public. On January 27, 1984, the Court invited counsel for the news media to express their views concerning the sealing of this motion. On that same day, the *Knoxville Journal* filed a petition for access to the motion. On January 30, 1984, the United States filed a motion for a closed hearing on the motion to quash.

The United States Attorney bases his request on Federal Rule of Criminal Procedure 6(e)(5)–(6). These two subparagraphs of Rule 6 became effective on August 1, 1983, and provide:

(5) *Closed Hearing.* Subject to any right to an open hearing in contempt proceedings, the court shall order a hearing on matters affecting a grand jury proceeding to be closed to the extent necessary to prevent disclosure of matters occurring before the grand jury.

(6) *Sealed Records.* Records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is neces-

sary to prevent disclosure of matters occurring before a grand jury.

Both subparagraphs are new and the Court is unable to find any judicial interpretation of these subparagraphs. The notes of the Advisory Committee on the Federal Rules of Criminal Procedure are the best authority on the scope of these two subparagraphs.

With respect to Rule 6(e)(5) the notes state that

[t]his addition to rule 6 would make it clear that certain hearings which would reveal matters which have previously occurred before a grand jury or are likely to occur before a grand jury with respect to a pending or ongoing investigation must be conducted in camera in whole or in part in order to prevent public disclosure of such secret information. One such hearing ... at which information about a particular grand jury investigation might need to be discussed [is one] at which the question is whether to ... order a grand jury witness to comply fully with the terms of a subpoena directed to him.

Fed.R.Crim.P. 6 (Advisory Committee Notes), *reprinted at* 97 F.R.D. 245, 276.

The notes also quote a recent General Accounting Office study that established "that open hearings often seriously jeopardize grand jury secrecy ...." *Id.*

For judges to decide these matters, the witness' relationship to the case under investigation must be discussed. Accordingly, the identities of witnesses and targets, the nature of expected testimony, and the extent to which the witness is cooperating are often revealed during preindictment proceedings. Because the matters discussed can compromise the purposes of grand jury secrecy, some judges close the preindictment proceedings to the public and the press; others do not. When the proceeding is open, information that may otherwise be kept secret under rule 6(e) becomes available to the public and the press....

Open preindictment proceedings are a major source of information which can compromise the purposes of grand jury secrecy. In 25 cases we were able to establish links between open proceedings and later newspaper articles containing information about the identities of witnesses and targets and the nature of grand jury investigations.

*Id., quoting* Comptroller General, *More Guidance and Supervision needed over Federal Grand Jury Proceedings* 8–9 (Oct. 16, 1980).

In this case the identity of the witness is already known. The *Knoxville Journal* also states that the public already knows that Butcher is under investigation by the grand jury. The *Journal,* therefore, argues that a closed hearing will not prevent a "disclosure of matters occurring before the grand jury." However, review of the subpoenas and motion to quash indicate that an open hearing would also reveal the nature of the expected documents and the extent to which the witness is cooperating. Butcher has been the subject of a previous grand jury subpoena duces tecum. A comparison of the previous subpoena with the present subpoena shows that an open hearing would result in a disclosure of previously undisclosed grand jury matters.

Because of the previous widespread publicity involving Butcher, there is less reason to close a motion to quash in this case than perhaps most cases. Indeed, Butcher does not oppose an open hearing. Although the desire to protect the grand jury witness from adverse publicity is a substantial reason for Rule 6(e)(5), the concerns of grand jurors are also important. If this motion to quash were to be open to the public, there "would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979). Butcher is not the only person who could be indicted as a result of the information obtained by the subpoenas. The subpoenas in this case seek information relating to different individuals and entities than the previous subpoena direct-

ed at Butcher. Additionally, an open hearing could have a chilling effect upon future witnesses.

■ The *Journal* argues that the need for grand jury secrecy should be balanced against the public's right to open court proceedings. The public's right to be aware of grand jury proceedings, however, is very limited. None of the cases cited by the *Journal* involve the public's right of access to grand jury matters. The *Journal's* reliance upon *U.S. v. Cianfrani,* 448 F.Supp. 1102 (E.D.Pa.1978), *rev'd* on other grounds, 573 F.2d 835 (3rd Cir.1978), is misplaced. *Cianfrani* involved a suppression hearing. Presumably, if the grand jury returns an indictment and the defendant wishes to have the evidence obtained through these subpoenas suppressed, the suppression hearing would be open. Although the very same evidence would then be open to the public at that time, it should not be made public now; when it is strictly a grand jury matter. The Court concludes that a closed hearing is necessary to prevent a disclosure of grand jury matters.

■ Subparagraph (e)(6) is expressly directed at "records, orders and subpoenas" and not motions to quash subpoenas. A motion to quash a subpoena, however, must necessarily disclose the substance of the subpoena. The Advisory Committee Notes indicates that the purpose of (e)(6), like (e)(5), is to prevent disclosure of the identities of grand jury witnesses and targets. To require the grand jury subpoenas be kept secret while allowing motions that reveal the substance of the subpoenas to be open would defeat the purpose of the rule. Additionally, the motions, responses and briefs would tend to reveal those matters that, under (e)(5), would be considered at closed hearings. Accordingly, motions, responses to motions, and briefs that tend to reveal the substance of grand jury subpoenas, orders and records must be sealed.

■ Finally, it appears that the Advisory Committee considered · potential constitutional problems with these provisions. The Court agrees with the committee that these new provisions of Rule 6 do not violate the public's rights guaranteed by the first and sixth amendments of the United States Constitution. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979).

It is therefore ORDERED, that hearings relating to motions to quash grand jury subpoenas be closed. It is further ORDERED that motions, responses to motions, and briefs which tend to reveal the substance of grand jury subpoenas, orders and records, be sealed.

Order Accordingly.