460 So.2d 406 (1984)
PALM BEACH NEWSPAPERS, INC., Petitioner,
v.
John DOE, a Witness before a Grand Jury, and State of Florida, Respondents.
No. 83-2105.
District Court of Appeal of Florida, Fourth District.
November 14, 1984.
Rehearing Denied January 9, 1985.
*407 Donald M. Middlebrooks, L. Martin Reeder, Jr., and Thomas R. Julin of Steel Hector Davis Burns & Middleton, Palm Beach, for petitioner.
Richard E. Gerstein and Paul M. Rashkind of Sams, Gerstein, Ward, Newman & Beckham, P.A., Miami, for respondent, John Doe.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for respondent, State of Fla.
PER CURIAM.
Petitioner, Palm Beach Newspapers, Inc., seeks review under Rule 9.100(d), Florida Rules of Appellate Procedure, of an order denying petitioner's motion to release the transcript of a hearing closed to the press and the public.
The circuit court judge, at the request of the Palm Beach County State Attorney, conducted an in camera hearing and denied the press's request to attend the hearing based upon the representations of the State Attorney that the hearing related to grand jury matters. Petitioners moved for the release of the transcript of that hearing. After hearing argument of counsel for the interested parties, the judge concluded that the subject matter of the in camera hearing came within the secrecy conferred upon grand jury sessions and proceedings as set forth in Chapter 905, Florida Statutes (1983), and thereupon denied petitioner's motion to release the transcript.
Section 905.24, Florida Statutes (1983), provides "Grand Jury proceedings are secret... ." The question is whether the judge must conduct a closure hearing as contemplated by Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982), before he conducts an in camera hearing concerning a matter related to a grand jury proceeding. Petitioner argues, as it argued below, that the term "grand jury proceeding" is synonymous with "grand jury session" as defined in Section 905.17 Florida Statutes.[1] Therefore, petitioner concludes that since the grand jury was not in session, the in camera hearing could not have been a grand jury proceeding which is secret pursuant to Section 905.24. The petition also implies that the presence of the judge rendered the hearing a judicial proceeding.
This court has previously held that a closure hearing must be conducted only when the court contemplates closing a proceeding at which the press is entitled to be present. Palm Beach Newspapers, Inc. v. Harper, 417 So.2d 1100 (Fla. 4th DCA 1982). The mere presence of a judge, however, does not establish the presumptive openness of a proceeding.
We would categorize the subject of this conference as being within the purview of those chambers matters referred to in *408 Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), wherein it is stated:
Thus, when engaging in interchanges at the bench, the trial judge is not required to allow public or press intrusion upon the huddle. Nor does this opinion intimate that the judges are restricted in their ability to conduct conferences in chambers, inasmuch as such conferences are distinct from trial proceedings.
448 U.S. 555, 100 S.Ct. 2814, at 2839, n. 23, 65 L.Ed.2d 973.
Notice and a hearing are only required when the court decides to close a proceeding at which the press is entitled to be present. This is not one of those proceedings.
Harper, supra, at 1101.
We would agree that this in camera hearing constituted a judicial proceeding. This is true, however, not simply because a judge was present, but because all grand jury proceedings are also judicial proceedings, the grand jury being an arm of the court.
As long ago as 1900, this Court, in defining the nature of a grand jury proceeding in Craft v. State, 42 Fla. 567, 29 So. 418, 419, stated:
"We think that an investigation of a crime by a grand jury that is within its jurisdiction to investigate and to indict for is a judicial proceeding in a court of justice ... under our judicial system a grand jury is an appendage or adjunct to the circuit court ..." (Emphasis supplied.)
Next, in State ex rel. Guyton v. Croom, 48 Fla. 176, 37 So. 303, 306 (1904), our Court held:
"... under our judicial system a grand jury is an appendage or adjunct to the circuit court ..."
Then, in Rivers v. State, 121 Fla. 887, 164 So. 544, 545, our Court further stated:
"... An investigation by a grand jury of a crime that is within its jurisdiction to investigate and to indict for is a judicial proceeding in a court of justice." (Emphasis supplied.)
In re Grand Jury Investigation, 287 So.2d 43, 46 (Fla. 1973).
Petitioner correctly asserts that the public has a common law right to attend judicial proceedings. However, Section 905.24, Florida Statutes, creates an exception to that general rule when the judicial proceeding is a grand jury proceeding. To conclude otherwise would permit the public and the press to attend every aspect of a grand jury proceeding when the judge happens to be present, such as when: the court is called upon to hear a challenge of an individual grand juror or the entire grand jury panel, Section 905.06; the court on its own motion excuses a grand juror, Section 905.075; the court appoints the foreman, Section 905.08; the court extends the term of the grand jury, Section 905.095; the court charges the grand jurors concerning their duties, Section 905.11 and Section 905.18; or the court considers a motion to expunge a grand jury report, Section 905.28. A review of the foregoing statutes satisfies us that the term "grand jury proceedings" includes matters ancillary to the grand jury session, and that Section 905.24 requires the secrecy of such proceedings to remain inviolate.
Petitioner cites In re P.R., 637 P.2d 346 (Colo. 1981), to support its argument that the judge should have conducted a closure hearing. We are not persuaded. In re P.R. involved a criminal contempt proceeding. A presumption of openness inheres in the very nature of a criminal trial under our system of justice. Richmond Newspapers, Inc. v. Virginia, supra. However, the purpose and nature of a grand jury differ dramatically from those of a criminal trial.
We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. See, e.g., United States v. Procter & Gamble Co., [356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077], *409 supra. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. [Footnotes omitted.]
Douglas Oil Co. of California v. Petrol Stops, 441 U.S. 211, 218-19, 99 S.Ct. 1667, 1672-73, 60 L.Ed.2d 156 (1979).
Petitioner also suggests that the 1983 amendment to Federal Rule of Criminal Procedure 6(e) supports the position that hearings ancillary to grand jury sessions should be open unless someone shows cause why they should be closed. We disagree. The committee notes to this section demonstrate that the committee intended to close such hearings. See also In re Grand Jury Empanelled March 8, 1983, 579 F. Supp. 189 (E.D.Tenn. 1984).
We hold that a hearing ancillary or related to a grand jury session constitutes a proceeding which comes within the protection of Section 905.24, supra. Therefore we find no error in the judge's refusal to conduct a closure hearing or in his order denying petitioner's motion to release the transcript of the closed hearing.
PETITION DENIED.
DOWNEY, HURLEY and DELL, JJ., concur.
NOTES
[1] (1) No person shall be present at the sessions of the grand jury except the witness under examination, the state attorney and his assistant state attorneys, designated assistants as provided for in s. 27.18, the court reporter or stenographer, and the interpreter.