DONNELL MOORE, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

136 So. 888.

Division A.

Opinion filed October 7, 1931.

Petition for rehearing denied November 14, 1931.

*T. C. Cork*, Attorney for Plaintiff in Error;

*Cary D. Landis*, Atty. Gen'l. and *Roy Campbell*, Asst. Atty. Gen'l. for Defendant in Error.

BROWN, J.—Plaintiff in error was convicted of the crime defined in Section 7552 C. G. L., and the case brought before us on writ of error.

The 13th assignment of error reads as follows:

"Because it was prejudicial error for the State Attorney to remark in the presence of the jury to the witness, Homer J. Taylor, 'I must say, that you've got very peculiar ideas!' and, addressing the court, 'I am going to ask the sheriff to hold this witness, to have a warrant sworn out against him.' That the instructions of the court to the jury that the remark of the counsel to the witness was not evidence before them did not cure such error."

The testimony of this witness had been direct and positive as to one of the principal issues of the case, that is, the previous chastity of the prosecutrix. At the close of the cross examination counsel for the State made the remark mentioned in the assignment of error and stated to the court that he was going to ask the sheriff to hold the witness to have a warrant sworn out against him. Counsel for the defendant took an exception to this remark on the part of the State Attorney made in the presence of the jury during the trial of the cause, and the trial judge merely

stated: "Gentlemen of the jury, the remarks of counsel to the witness is not evidence before you; keep that in mind".

The State's Attorney did not say upon what charge he was going to have the witness held by the sheriff and a warrant sworn out against him, but the jury might have inferred that he would be arrested for perjury.

Mr. JUSTICE ELLIS and the writer are of the opinion that the statement by the court to the jury that the remarks by the State's Attorney were not to be taken as evidence did not fully remedy the damage that had been done, as the remarks of the State's Attorney were not in the form of evidence but were in the form of a statement made to the court in the presence of the jury during the trial of the cause, which remarks implied of course that such warrant would charge the commission of some crime.

Mr. JUSTICE ELLIS and the writer think that this action on the part of the State's Attorney was necessarily calculated to reflect upon the testimony of this witness and thus to prejudice the defendant's case in the eyes of the jury and was wholly unnecessary; but the majority of the court, in their view of the evidence in the case, do not think that any reversible error was committed.

It might be noted that counsel for the defendant did not request the court to take any further action in regard to this matter, and the action that the court did take or its failure to act further was not mentioned in the motion for a new trial. All that counsel for the defendant did at the time was to say to the court; "We want an exception to that remark of the State's Attorney before the jury, on the ground that it is highly prejudicial to the defendant and further, because, it is a private matter. I mean the remark of the State's Attorney that he was going to ask the sheriff to hold this witness and have a warrant sworn out against him in the presence of the jury during the trial of this case." Then the court made the statement to the jury above set forth, and the trial proceeded.

It has been held that a prosecuting attorney should not intimidate witnesses by threatening to have them arrested for perjury if they do not tell the truth. 16 C. J. 891, 892.

This court has several times held that a State Attorney occupies a quasi-judicial position, and should conduct the case for the State with perfect fairness to the defendant. He should not unnecessarily take any action in the presence of the jury calculated to prejudice the jury against the defendant or any witness for the defendant, though it is perfectly permissible for him by skillful cross examination or the introduction of other evidence to reveal either mistakes or falsehoods in the testimony of the defendant's witnesses pertaining to matters material to the issues. If it develops in the trial of a criminal case that a witness has perjured himself, and deserves to be arrested and prosecuted, the State's Attorney can very easily refrain from taking any immediate action in the presence of the jury during the trial of the case, as he can effectively handle the situation in other ways without prejudice to the case then on trial.

The writer and MR. JUSTICE ELLIS are inclined to think that this action on the part of the State's Attorney afforded ground for the court to have rebuked the State's Attorney and cautioned the jury not to permit such statement to have any effect whatever upon their consideration of the testimony of such witness. However, no motion for the declaration of a mistrial was made, nor was this matter made a ground of either a motion for instructed verdict, or for new trial. The majority of the court are therefore of the opinion that this incident was not regarded by counsel for defendant as of very serious consequence to the defendant at that time; that the mere exception to the remark of the State's Attorney, and the failure to make any other objection, exception or motion, after the court had stated to the jury that such remark was "not evidence before them", and to "keep that in mind", implied that counsel for defendant regarded this statement on the part of the court as

sufficient to remedy any damage that had been done; that as no further action or ruling on the part of the court in regard to it was requested, no reversible error appears.

It is therefore the conclusion of the majority of the court that the judgment should be affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND TERRELL, J.J., concur.