## BILLIE HENDERSON v. STATE OF FLORIDA

20 So. (2nd) 649         January Term, 1945
January 23, 1945         Division A

*Martin & Martin,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellant, on the 5th day of January, 1944, was informed against in the Criminal Court of Record of Polk County by the county solicitor in and for such county by information containing two counts. The first count charged assault with intent to rape. The second count charged assault with intent to commit a felony, to-wit, to have unlawful carnal intercourse with one Marie Grant who was then and there an unmarried female person of previous chaste character under the age of eighteen years. The first trial was had on January 25, 1944 with the result that a verdict was directed in favor of the defendant on the first count; a mistrial was had on the second count.

The record shows that during the progress of the first trial the witnesses on behalf of the State had testified that the alleged offense was committed between 12:00 o'clock Noon and one o'clock P. M. and the defendant interposed proof of alibi under his plea of not guilty.

On the second trial the alleged victim and other States witnesses placed the time of the alleged offense at between 11:00 o'clock A. M. and 12:00 o'clock Noon. Among those who testified on the first trial by whose testimony it was sought to show that the offense occurred between 12:00 o'clock Noon and one o'clock P. M. was one Mary Grant, the stepmother of the alleged victim, who testified as to the time when Marie left home and at what time she returned.

On the second trial Mary Grant was called as a witness for the State but was not interrogated by the county solicitor as to the time when Marie Grant left home and when she returned.

On cross-examination defendant's counsel sought to elicit this information from the witness Mary Grant. Objection

was made that the question was not made in cross. The Court held and so directed counsel that he could make Mary Grant a defendant's witness at the close of the State's case and interrogate her in that regard. This course was pursued but when Mary Grant was put on the stand by the defendant she testified that Marie left her home at about twenty minutes after eleven (11:20) o'clock A.M.

After several questions and answers in regard to the fixing of this time, the following occurred:

Question by Mr. Martin, counsel for defendant:

"Now, don't you know that the time that this girl left your house was between 12 and 1 o'clock and not 20 minutes after 11?"

A. "Well, yes sir, I did say that."

Mr. Wilson. "To which the State objects on the ground its not responsive to the question and we object to Mr. Martin trying to impeach his own witness."

By the court: "Not unless he lays the predicate for it."

Mr. Martin: "I can plead surprise."

By the Court: "Not in case you introduce the testimony . . ."

Mr. Wilson: "The State objects to the question and moves that the answer be stricken."

By the Court: "Motion granted." To which ruling of the Court the defendant did, then and there, except.

Q. "What time was it when she left your house that day?"

Mr. Wilson: "The State objects on the ground the witness has already answered the question."

By the Court: "Objection sustained." To which ruling of the court the defendant did, then and there except.

A. "20 minutes after 11.

Q. Did you ever testify any other way than you are testifying now?

Mr. Wilson: "The State objects on the ground its an effort to impeach his own witness and is entirely improper."

By the Court: "Objection sustained." To which ruling of the court the defendant did, then and there, except."

So it is that the defendant was denied the right to lay a predicate for the impeachment of this witness. It is true that defendant's counsel did not ask the witness a proper question to lay the ground for impeachment but the court held that he could not, when he had been surprised by the adverse testimony of the witness, lay a predicate to impeach her because he had introduced her as his witness. Therefore, we must assume that it would have been futile for counsel to ask other questions for that purpose.

This action constituted reversible error because it runs counter to statute, Sec. 90.09 Fla. Statutes 1941 (same F.S.A.) and is contrary to the law as enunciated by this Court. See Rowe v. State, 128 Fla. 394, 174 So. 820, and cases there cited.

The record also shows that after argument of counsel the court in the instructions or charges to the jury included the following:

"The only issue involved here is as to whether or not this defendant, Billy Henderson, made an assault—the assault that has been testified about and stands uncontradicted. That's the sole issue as the Court sees it—as to whether or not Billie Henderson made the assault.

"Of course, it's necessary for the State to prove that Marie Grant is a female person and is of previous chaste character and is under the age of eighteen years. Those elements were all testified to without any contradiction; she has testified that the assault was made on her and that's not contradicted; then the sole issue for you to determine after considering this testimony is, did this defendant, Billie Henderson, assault her at the time and place with the intent to commit a felony, to-wit, to have unlawful carnal intercourse with her.

This instruction invaded the province of the jury to the extent of taking from it the determination of every element of the offense charged except that of the intent of the accused. It is elementary that every element of a criminal offense must be proved sufficiently to satisfy the jury (not the court) of its existence.

It is contended by the State that while the charge supra is clearly erroneous, the error is waived by reason of the

provisions of sub-paragraph 4 Sec. 215 Florida Criminal Procedure Act, sub-paragraph 4 Sec. 918.10 Florida Statutes 1941 (same F.S.A.)

We cannot agree with this view. We must bear in mind the due process clause of both our State and Federal Constitutions. We are convinced that due process of law contemplates trial in a criminal case by a fair jury, with full evidence and correct charges or instructions to the jury as to the law. Of these elements of fundamental safeguard, an accused may not be deprived either by statute or rule of court. See Lawson v. State, 125 Fla. 335, 169 So. 739, and cases there cited.

When the provisions of statutes collide with provisions of the Constitution the statute must give way.

For the reasons stated, the judgment is reversed and the cause remanded for new trial.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.