PEARSON, Associate Justice.
This is the second appearance of this case before this Court. See, Starr v. Smith, Fla., 77 So.2d 834. In the earlier case the Appeal was by the State from a Writ of Habeas Corpus wherein, the Circuit Court held that the information failed to state an offense under the laws of this State. This Court did not consider the facts but reversed the order bec'ause the defendant was not in custody at the time of the issuance of the Writ and therefore was not entitled to apply for the same.
This is an Appeal from a conviction and sentence for perjury. The facts are not particularly in conflict.
Appellant was arrested in connection with his ownership of a Federal Gambling Tax Stamp; he sued out a Writ of Habeas Corpus in the Circuit Court, thereafter the County Solicitor filed an Information consisting of one count charging the offense of perjury, alleging that appellant during earlier habeas corpus proceedings falsely swore that he had never been arrested for anything since 1949 in connection with bolita. Defendant filed his motion to quash .this information which the trial judge overruled and denied. The defendant entered his plea of Not Guilty, the case went to trial before a jury, appellant was convicted of perjury and sentenced to be confined, at hard labor for a period of five years and to pay the costs thereof, and in default of paying the costs, to serve an additional term of 30 days.
The principal question raised on appeal is, “Was the alleged false swearing upon a material issue, as is required to constitute perjury?”
This Court has repeatedly stated that false swearing must have been to a matter material to the 'issue before the Court. Miller v. State, 15 Fla. 577; Keir v. State, 152 Fla. 389, 11 So.2d 886; Rader v. State, Fla., 52 So.2d 105.
The Petition for Writ of Habeas Corpus was to test the legality of his detention by the Sheriff and to reduce the amount set as bail. Appellant was called as a witness as to questions of his limited financial ability. On cross-examination the County Solicitor asked him these questions and he gave these answers:—
“Q. What? Have you ever been arrested for anything? A. Yes, sir. '
“Q. What? A. Skinning.
“Q. Is that all ? A. No, sir.
“Q. What else? A. Possessiort .of bolita.
“Q. When was that, Mathew? A.' ’49.
“Q. Is that the last time you have bben arrested for bolita ? A. Yes, sir. 1,1
“Q. Have you ever been arrested for anything since 1949 in connection 'with bolita? A. No, sir. ;<>
"Q. Have you ever been arrested for anything else since 1949 other than running a skin game ? A. Yes, sir.
“Q. What was that? A. Employing a minor.”
*413 Testimony is not material so as to form • sufficient basis for perjury prosecution, unless testimony has some weight and reference to determination of an issue which is before the Court for judicial determination. D’Alessandro v. State, 116 Fla. 749, 156 So. 702.
It is to be noted that defendant was not asked whether he had been previously convicted. The Questions were not phrased to avoid misunderstanding or forgetfulness, nor were they stated in an affirmative man-, ner citing the exact date he was arrested and other particulars. Nothing was shown to the Circuit Judge during Habeas Corpus proceedings that the appellant was one who has repeatedly jumped bail or failed to appear at trial sessions.
The question regarding earlier arrests was not a material issue in the Hab.eas Corpus proceeding. The verdict, judgment and sentence appealed from are reversed and appellant ordered discharged.
TERRELL, C. J., and HOBSON and THORNAL, JJ., concur.