PER CURIAM:
Direct conflict is asserted for review by certiorari of the decision of the Third District Court of Appeal at 256 So.2d 533 (Fla.App.3d 1972) with our holdings in Henderson v. State, 20 So.2d 649 (Fla.1945); Rader v. State, 52 So.2d 105 (Fla.1951), and Bolen v. State, 103 Fla. 22, 137 So. 8 (1931). Fla.Const, art. V, § 4(2), F.S.A.
We find conflict with Henderson wherein we used language directed to an instruction which we stated “invaded the province of the jury to the extent of taking from it the determination of every element of the offense charged except that of the intent of the accused.” We said:
“It is elementary that every element of a criminal offense must be proved sufficiently to satisfy the jury [not the court] of its existence.”
While this is generally true, we need to clarify in the Henderson holding, consistent with Rader, that “The materiality of the testimony assigned in perjury is a legal question” and that it is therefore a question of law for the judge and not the jury to pass upon, although “it may become a mixed question both of law and of fact.” We now adhere to Rader and clarify and extend the statements mentioned in Henderson as above modified to encompass an exception in the situation where materiality may be purely a legal question not for the jury.
Proceeding now to the case sub judice, the facts are generally set forth in the district court opinion. This perjury action arises from an earlier criminal trial against Henry Milander, Mayor of Hi *134 aleah, Florida, who was charged with conspiracy to commit grand larceny and with grand larceny by giving to Morriss Wolfe two checks of $1,000 and $6,800 representing monies of the City of Hialeah and that the checks were cashed by Wolfe and appropriated to his own use. The checks were involved in a deposit receipt for the sale of land through Wolfe to the City (thereafter cancelled).
The central issue for our consideration is whether or not the two statements in Wolfe’s testimony concerning the two checks from Hialeah was material to the charges in the Milander trial. In our view, they were not. What happened to the Hialeah checks once they were delivered into the possession of Wolfe was immaterial to the charges against Milander. The larceny would become complete upon the money of Hialeah being delivered over to another person allegedly not entitled to it, namely Wolfe, and “appropriated to his use” as charged under the statute § 811.-021, F.S.A. As to the conspiracy to commit larceny, the essential criminal act would have been complete even prior to delivery of the checks if the conspiracy be shown. Wolfe could have used the checks to purchase a new car or to pay a debt, as well as to exchange for a bank check (which he did) to use as a part of the necessary down payment on his own purchase of the land in question. It made no difference as to the proof of the charges against Milander.
Unless the alleged testimony given under oath is germane or material to the inquiry or charge, then its truthfulness is not the vital issue because the purpose to be guarded against and the reasons for the punishment for perjury are to deter persons from testifying under oath to false statements in order to mislead the trier of the facts such as the court or the jury or both and thereby to thwart and pervert justice. It, therefore, becomes readily apparent that if the allegedly false statements are not material to the issue before the court and the jury, then it cannot have the effect of misleading the court and the jury in its deliberation and the reaching of its judgment of those issues. See Smith v. State, 92 So.2d 411 (Fla. 1957); Gordon v. State, 104 So.2d 524 (Fla.1958); and 25 Fla.Jur., Perjury, § 6, 36. The statements made, when taken out of context, may have been untrue or incorrect; nevertheless, when read in the light of the materiality to the issue of the guilt or innocence of Milander they are completely immaterial and irrelevant.
The manner of the use of the funds by Wolfe, once received by him, was immaterial to the guilt or innocence of Milander and beii^g immaterial there is no basis for conviction of perjury of Wolfe on such immaterial issue. It therefore follows that whatever it was that Wolfe testified regarding disposition of the money was immaterial as a matter of law, for which there could be no conviction for perjury. Yarbrough v. State, 79 Fla. 256, 83 So. 873, 874 (1920); Hall v. State, 136 Fla. 644, 187 So. 392, 403 (1939), and Rivers v. State, 121 Fla. 887, 164 So. 544 (1935). A verdict of acquittal should have been directed.
As the State puts it:
“The basic issue [in the Milander trial upon which the perjury is based] was whether or not Milander appropriated a total of $7,800 for the benefit and use of Morriss Wolfe.”
This language reflects that the question was whether or not Milander, as Mayor of the City of Hialeah, having control of the monies and properties of the City, committed the act of larceny by giving the City’s money to the defendant, Wolfe, as one who was not authorized to receive it. The act of giving the money without authorization to Wolfe was the catalyst that created the crime of larceny. Wolfe’s conduct after he received the City’s money had no ev-identiary bearing on Milander’s guilt or innocence of the crime of larceny.
*135 There is a further reason why the conviction for perjury cannot stand. It cannot be said with any degree of certainty by a fair reading of all of Wolfe’s testimony, that the two challenged answers can be considered perjurious in the full context of his testimony. Neither was there any apparent intention to mislead the court or the jury as to Milander’s guilt or innocence. In this we agree with the dissent of Judge Norman Hendry. As Judge Hendry points out, the two statements cannot be taken out of context to support a conviction of perjury and furthermore when viewed in context with all of the testimony were not in themselves acts of perjury.
The United States Court of Appeals, Fifth Circuit, in Van Liew v. United States, 321 F.2d 674, said:
“A charge of perjury may not be sustained by the device of lifting a statement of the accused out of its immediate context and thus giving it a meaning wholly different than that which its context clearly shows.” See also 11 A.L.R.2d pg. 1, Fotie v. United States, 137 F.2d 831 (8th Cir.), and Conrod v. United States, 255 F.2d 247 (5th Cir.).
Perhaps the key to a misapprehension of the testimony in question is the use by Wolfe of the word “derive”. He stated that he did not “derive” any of the $6,800 (paid as a part of the deposit on his purchase) from the City of Hialeah. The very next question corrected the ambiguity of the term “derive” which would normally mean to receive, obtain or to get, when the prosecutor asked:
“You did get $6800 from the City of Hialeah, and $1000, did you not?
“A Yes, sir.”
And so it is that he is not denying receiving the money. There was never any question that he did and that he returned it when the transaction was rescinded by the City.
It is undisputed that there was twice enough money available to Wolfe in his law firm’s trust account at all times to cover the $7,800 from the City of Hialeah. It turns out also that the later return to Hialeah of the $7,800 was from that very trust account. Perhaps Wolfe in answering was thinking in terms of the $6,800 being covered in that trust account, the same as the earlier $1,000, when in fact it had been more expedient to exchange the Hialeah check for a bank draft to pay on Wolfe’s deposit receipt involving the land being sold to Hialeah. The State in referring to Wolfe’s testimony fairly puts it when it states that “Wolfe’s testimony made it sound as if he had . . . simply held the City of Hialeah’s funds in trust.” That is a very fair appraisal of the matter and it is probable that this is the very manner in which Wolfe was thinking of it. It was not literally correct that the second check went into the trust fund but this inaccuracy is not a basis for perjury in the total circumstances of this case.
The two challenged statements were on an immaterial point to the prosecution in question against Milander and accordingly cannot be a basis for perjury. Moreover, as outlined above, it does not in the overall context constitute perjurious testimony with the necessary intent and purpose which must be shown for conviction of that onerous crime for which the proofs are justifiably strict and firm.
This Court has previously ruled out mere inaccuracy as the basis for perjury in Silver v. State, 117 So.2d 509 (Fla.App.3d 1960), when we stated there at p. 511:
“It is evident that the appellant incorrectly stated the number of visits in his initial testimony in the personal injury action, and was further incorrect as to the number of visits when he testified in the contempt proceedings; nevertheless, we do not feel that false swearing or perjury can be grounded upon confusion and incorrect statements alone. See State ex rel. Luban v. Coleman, 138 Fla. 555, 189 So. 713; Mitchell v. Parrish, Fla.1952, 58 So.2d 683.”
*136 The result here is in conflict with this rule of law, as well as in conflict with the incomplete statement in Henderson, outlined at the beginning of this opinion. Jurisdiction is apparent.
Upon the merits the judgment and sentence of conviction must be reversed for the reasons herein set forth.
Certiorari is granted; the opinion of the Third District Court of Appeal is quashed and the cause is remanded with instructions to reverse the judgment and sentence of conviction, and to enter a judgment of acquittal.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.