HENDRY, Chief Judge.
Appellant, defendant below, appeals his conviction and sentence for robbery and unlawful possession of a firearm during the commission of a felony, in violation of Sections 812.13 and 790.07, Florida Statutes (1975), respectively.
In seeking a reversal of his conviction and sentence, appellant has raised two points on appeal. Firstly, appellant contends that the trial court erred in refusing to allow defense counsel to impeach the testimony of a state witness with a prior inconsistent statement. Secondly, appellant contends that the trial court erred in denying a motion for mistrial where the state elicited testimony from a police officer which established that appellant had exercised his right to remain silent.
For the following reasons, we believe that both points have merit and reverse.
In order for one to impeach a witness with a prior inconsistent statement, a predicate must first be established by calling the attention of the witness to be impeached to the allegedly contradictory statements and to the occasion when it is alleged said statements were made. In addition, opportunity must be given the witness to examine, explain, confess, or deny such contradictory statements. Hancock v. McDonald, 148 So.2d 56 (Fla. 1st DCA 1963); Urga v. State, 104 So.2d 43 (Fla.2d DCA 1958). A careful review of the record demonstrates that such a proper predicate was in fact established.
In excluding the prior inconsistent statement from evidence, the trial judge was of the opinion that the interpreter’s translation of said statement from Spanish to English was “suspect.” Such opinion was apparently based upon both the witness’s failure to recall making part of the statement offered as evidence and the fact that the translator was employed by the Office of the Public Defender. It is our opinion, however, that once the proper predicate was established by the defense, *1100 any discrepancy concerning either the statement’s content or the translation of same related to the weight of the evidence and not to its admissibility. See Walter v. State, 272 So.2d 180 (Fla.3d DCA 1973). As such, we believe the court erred in not admitting the prior inconsistent statement into evidence.
As for appellant’s second point, the record reveals that upon being questioned by the state, the arresting officer stated that after being warned of his Miranda rights appellant said that “he didn’t want to make a statement without his attorney being present.” Clearly, such a comment concerning appellant’s silence violated appellant’s fifth amendment safeguard to be free from self-incrimination and amounted to fundamental error, warranting reversal. Bennett v. State, 316 So.2d 41 (Fla.1975); Jones v. State, 200.So.2d 574 (Fla.3d DCA 1967).
Accordingly, after carefully reviewing the record, briefs and arguments of counsel, we have concluded that reversible error has been demonstrated. Therefore, for the reasons stated above, appellant’s conviction and sentence is reversed and remanded for new trial.
Reversed and remanded.