BERANEK, Judge.
Louise St. Azile appeals an adverse final judgment asserting error in trial and in the denial of her motion for new trial. On July 25, 1978, the appellant was a passenger in a car being driven by Dieuseul Louis which was involved in an accident with a van driven by Vernon Sjodin and owned by King Motor Center, Inc. The accident occurred in Broward County on 1 — 95 heading north when Sjodin changed lanes in front of Louis’ car causing Louis to swerve in order to avoid hitting the van. Louis lost control, crossed the median strip, and collided with cars heading south. The appellant sued Sjodin and King Motor Center seeking compensation for her injuries. The appellees filed a third party complaint for indemnification against Louis.
As part of her case in chief, the appellant called Mr. Louis as a witness. Louis, who had previously been deposed, did not testify in accordance with his deposition. Rather than waiting for cross-examination, appel-lees’ counsel rose in the presence of the jury and stated: “. . . I’d like this witness advised of perjury at this time. I have a sworn statement to the contrary. ... I’d like the State’s Attorney brought in here. This is out and out flagrant change of his prior testimony.” The appellant made a motion for a mistrial upon which the court never ruled. When it came time for cross-examination, the appellee asked to offer Mr. Louis’ deposition in lieu of cross-examination declaring in front of the jury: “I’m so hot because I think this man is lying.” The appellant did not object to use of the deposition but rather than normal cross-examination or reading the deposition to the jury, the court, after much discussion, allowed appellees to give each juror a copy to read at his leisure. The appellant strenuously objected on the grounds that the deposition was testimony, not documentary evidence, and that more emphasis would be placed on this evidence than on any other witness’s testimony. The court overruled the objection and allowed each juror to read the deposition during a recess. The jury found for the appellees and the court denied the appellant’s motion for a new trial.
The appellant raises three points on appeal, two of which are meritorious. First, the appellant contends that the trial court erred in denying her motion for a new trial which was based in part on the court’s denial of a mistrial following the remarks made by appellees’ counsel. A motion for mistrial is directed to the sound judicial discretion of the trial judge. Compania Dominicana de Aviacion v. Knapp, 251 So.2d 18 (Fla. 3d DCA 1971). We believe the trial court abused his discretion in this matter. It is clear that appellees’ counsel was grandstanding in a totally improper fashion. The court in Moore v. State, 102 Fla. 1135, 136 So. 888 (1931), made the following remarks concerning the conduct expected of a state prosecutor:
This court has several times held that a state attorney occupies a quasi judicial position, and should conduct the case for the state with perfect fairness to the defendant. He should not unnecessarily take any action in the presence of the jury calculated to prejudice the jury against the defendant or any witness for the defendant, though it is perfectly permissible for him by skillful cross-examination or the introduction of other evidence to reveal either mistakes or falsehoods in the testimony of the defendant’s witnesses pertaining to matters material to the issues. If it develops in the trial of a criminal case that a witness has perjured himself and deserves to be arrested and prosecuted, the state’s attorney can very easily refrain from taking any immediate action in the presence of the jury during the trial of the case, as he can effectively handle the situation in other ways without prejudice to the case then on trial.
Obviously the considerations are slightly different in a civil case but every lawyer, as an officer of the court, has a duty of basic fairness. To accuse a witness of lying, demand a warning as to perjury, and request *1098 the state attorney be brought in, all in the presence of the jury is totally improper. Hernandez v. State, 156 Fla. 356, 22 So.2d 781 (1945). It is inconceivable to us that the jury in this case was not prejudiced by counsel’s remarks. This is particularly true in light of the further improper use of the witness’s deposition as bearing upon his credibility.
The appellant’s second point concerns use of the deposition. Appellees argue that appellant made no objection to introducing the deposition. However, it was not the introduction but the manner in which it was introduced and used to which the appellant objected. It is clear from the record that counsel strenuously objected to giving copies to the jurors. The appellant correctly argued at trial that the deposition was testimony, not documentary evidence. Furthermore, the clear import of Fla.R. Civ.P. 1.330(b) is that depositions must be read to the jury. This rule concerns objections to admissibility of depositions and states:
(b) Objections to Admissibility. Subject to the provisions of Rule 1.300(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.
By allowing each juror to read the deposition in its entirety, appellant’s right to object to any portion was foreclosed. See Schoeppl v. Okolowitz, 133 So.2d 124 (Fla. 3d DCA 1961). Further there are established procedures governing the impeachment of witnesses by use of prior inconsistent statements. A predicate must first be established by calling the attention of the witness to be impeached to the allegedly contradictory statements and to the occasion when it is alleged said statements were made. In addition, opportunity must be given the witness to examine, explain, confess, or deny such contradictory statements. Garcia v. State, 351 So.2d 1098 (Fla. 3d DCA 1977). These procedures were not followed in this case.
We conclude the result of the above errors requires reversal and a new trial. Counsel initially made grossly improper statements before the jury as to the witness’s credibility and thereafter compounded the prejudice by improper use of the witness’s[1] deposition bearing upon the same credibility issue. The cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.

. Although the witness was also a party there is no contention that the deposition was being used for anything other than impeachment by demonstration of a prior inconsistent statement.