PER CURIAM.
We find no error in the admission of evidence of a subsequent collateral crime, where it occurred so close in time to the robbery for which the defendant was charged, as to establish the entire context out of which the criminal conduct arose. Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981); Smith v. State, 365 So.2d 704 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979).
Nonetheless, we reverse the defendant’s conviction of robbery because the defense was denied the opportunity to lay the proper predicate for impeachment by prior inconsistent statement. § 90.608(1)(a), Fla. Stat. (1979); Henderson v. State, 155 Fla. 487, 20 So.2d 649, 651 (Fla.1945); Garcia v. State, 351 So.2d 1098 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 835 (Fla.1978).
Reversed and remanded for a new trial.