537 So.2d 1094 (1989)
Edgar Lee KIMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-989.
District Court of Appeal of Florida, Second District.
January 27, 1989.
*1095 James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Edgar Lee Kimble, challenges the judgments and sentences imposed upon him after a jury found him guilty of three offenses. We find that the trial court improperly limited the appellant's cross-examination of a key prosecution witness and, accordingly, reverse and remand for a new trial.
The state filed a four count information charging the appellant with attempted burglary, robbery, kidnapping, and leaving the scene of a vehicular accident involving injury. The attempted burglary charge was subsequently dismissed and is not a subject of this appeal.
At the appellant's jury trial, the state presented the testimony of the alleged victim, Mary Dunbar. Among other things, Dunbar testified on direct examination that as she was standing outside of her automobile, the appellant grabbed her by the arm and told her to get into the car. Dunbar stated that when she hesitated, the appellant "reached in his back pocket, pulled out a knife and told [her] to give him the keys."
During cross-examination by the appellant's attorney, Dunbar reiterated that she first saw the appellant's knife before she entered the automobile. At that point, the appellant's attorney asked Dunbar if she recalled coming to his office and giving a deposition. When Dunbar answered in the affirmative, the appellant's attorney asked her questions regarding the persons who were present at that deposition and whether she recalled discussing the case with him. When Dunbar indicated that she did recall these events and circumstances, the state objected and the following bench conference took place:
THE COURT: Put your objection on the record.
[PROSECUTOR]: I am objecting to improper predicate of him trying to impeach this witness, because the depositions have not been transcribed, and my witness has never seen a copy of those depositions.
[Appellant's attorney] could not impeach this witness without a certified, sworn-to copy of the deposition.
[APPELLANT'S ATTORNEY]: I can certainly ask her whether she's made a statement or not. Whether it has been sworn to or not, I can impeach her.
[PROSECUTOR]: That is hearsay... . He can't ask her what she may have or may not have said, because it's hearsay.
... .
[APPELLANT'S ATTORNEY]: I can, what I would proffer here, what I would ask her is whether, in fact, she had said before in my office that she had not seen the knife until after she got in the car.
THE COURT: Can't ask that question. Can't impeach in that way... . Objection sustained.
The jury found the appellant guilty as charged of robbery, kidnapping, and leaving the scene of a vehicular accident involving injury. The trial court adjudicated the *1096 appellant guilty of these offenses and sentenced him within the guidelines range. This timely appeal followed.
The appellant contends that the trial court committed reversible error by failing to afford him an adequate opportunity to impeach Dunbar's credibility. We agree.
A party can impeach the credibility of a witness called by an adverse party by introducing that witness's prior statements which are inconsistent with his present testimony. § 90.608(1)(a), Fla. Stat. (1987). The Florida Evidence Code does not require the witness's prior inconsistent statement to be reduced to writing in order to impeach the witness under section 90.608(1)(a). See Williams v. State, 472 So.2d 1350 (Fla. 2d DCA 1985). In Williams, this court considered circumstances very similar to those involved in this case and held:
The prior inconsistent statement may be oral and unsworn and may be drawn out on cross-examination of the witness himself and, if on cross-examination the witness denies, or fails to remember, making such a statement, the fact that the statement was made may be proved by another witness.
Williams at 1352.
The state argues that Williams is inapplicable to this case because the appellant's attorney failed to lay a proper predicate for impeachment by prior inconsistent statement. We disagree.
In order to lay the proper predicate for impeachment by prior inconsistent statement, the witness must be advised of the substance of the prior inconsistent statement, the time and place the statement was made, and the person to whom the statement was made. See Garcia v. State, 351 So.2d 1098 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 835 (Fla. 1978). See also, § 90.614(2), Fla. Stat. (1987). Sub judice, the appellant's attorney had asked the witness if she recalled giving a deposition at his office and the persons present at such deposition. Although the witness responded affirmatively to these questions, the trial court prevented the appellant's attorney from actually confronting the witness with her prior inconsistent statement. Thus, any failure of the appellant's attorney to lay the proper predicate was caused by the trial court's refusal to permit it.
Since the trial court improperly limited the appellant's cross-examination which was directly related to the credibility of a key prosecution witness, we reverse the appellant's convictions and remand for a new trial. Williams. See also, Jones v. State, 418 So.2d 430 (Fla. 3d DCA 1982). We find no merit in the appellant's second point on appeal and, accordingly, decline to address it.
REVERSED AND REMANDED.
CAMPBELL, C.J., and SCHOONOVER and PARKER, JJ., concur.