571 So.2d 484 (1990)
STATE of Florida, Appellant,
v.
Robert J. BARBUTO, Appellee.
No. 89-02429.
District Court of Appeal of Florida, Second District.
August 29, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Chief Judge.
The State of Florida challenges a trial court order dismissing three perjury charges filed against the appellee, Robert J. Barbuto. We reverse.
The state filed an information charging the appellee with one count of perjury by inconsistent statements in violation of section 837.021, Florida Statutes (1987), and two counts of perjury in an official proceeding in violation of section 837.02, Florida Statutes (1987). The appellee filed a motion to dismiss the charges on the ground that the statements in question were not material. The trial court granted the motion and dismissed the charges. The state filed a timely notice of appeal.
*485 The charges in this case arose out of a deposition and trial testimony in a criminal case. The appellee was a defense witness in that matter. The state alleged in count I of the information that during the taking of the appellee's deposition he made statements concerning his involvement in a federal crime that were inconsistent with the guilty plea he entered in federal court and with testimony he presented at a trial in which he was a defense witness. In count II of the information, the state alleged that the appellee made false statements during his deposition when he testified he was not guilty of the federal offense. Count III of the information alleged that the appellee made a false material statement concerning a state witness while giving testimony in a trial.
In order to obtain a conviction for perjury, or for perjury by inconsistent statements, it is necessary that the false testimony be material. State v. Marlow, 501 So.2d 136 (Fla. 2d DCA 1987). We agree with the state's contention that the statements referred to in the information were material. The question of the materiality of a statement in a perjury case is generally a question of law. Rader v. State, 52 So.2d 105 (Fla. 1951); § 837.021, Fla. Stat. (1987). The statements in this case tended to impeach one of the state's witnesses and to bolster the appellee's own credibility. A misrepresentation is material if it has the mere potential to affect the resolution of a main or secondary issue before the court. Kline v. State, 444 So.2d 1102 (Fla. 1st DCA 1984), pet. for rev. denied, 451 So.2d 849 (Fla. 1984). Misrepresentations which tend to bolster the credibility of a witness, whether successful or not, have that potential and are regarded as material for purposes of a perjury conviction. Kline. The trial court, therefore, erred in dismissing the charges filed against the appellee.
We, accordingly, reverse and remand for proceedings consistent herewith.
DANAHY and FRANK, JJ., concur.