594 So.2d 846 (1992)
Jerry SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00960.
District Court of Appeal of Florida, Second District.
February 28, 1992.
*847 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Jerry Smith seeks review of the trial court's restriction on his use of a deposition for impeachment purposes in this possession and sale of marijuana action. We reverse.
Smith was charged with possession and sale of marijuana. A trial was held and the jury found Smith guilty of sale, but not guilty of possession. Smith was adjudicated guilty and sentenced to three years' probation. This timely appeal followed.
At trial, Deputy Javier Rosas testified that he and a confidential informant went to a mobile home park to make a marijuana purchase. Rosas testified that after the sale took place he left the mobile home park, went to another location, and spoke with patrol deputy Keith Johnson. Rosas informed Johnson of the physical description of the man from whom he had purchased marijuana and told him where the person lived. Rosas then directed Johnson to go to the mobile home park and covertly obtain the name of the individual that he had described. Approximately forty-five minutes later, Johnson came back with the name Jerry Smith. Rosas obtained a picture of Smith from the sheriff's department and identified appellant.
Smith presented evidence that he was not the person who sold Rosas the marijuana and that it may have been another man who was at Smith's home, visiting at the time of the alleged sale. During cross-examination of Rosas, the following exchange took place:
Q [by defense counsel] Let me ask you. You came to our office, the Public Defender's Office, on October 31st of this year, didn't you?
A Yes, I did.
Q And you were sworn in at that time, weren't you?
THE COURT: Has that deposition been filed?
[DEFENSE COUNSEL]: I'm sorry, ma'am?
THE COURT: Has that deposition been filed, because the Court does not have a copy? My understanding is no depositions have been filed when I checked the file.
[PROSECUTOR]: I checked the court file. I don't believe they have.
THE COURT: I have nothing in the court file. If it's not filed, you aren't using it.
[DEFENSE COUNSEL]: May I have a brief moment, Judge, to consult with Counsel.
THE COURT: No, sir.
[DEFENSE COUNSEL]: No, ma'am?
THE COURT: No, sir.
[DEFENSE COUNSEL]: All right, ma'am.
Appellant contends that the trial court committed reversible error in not permitting him to use the deposition testimony to impeach Detective Rosas. The trial court's reasoning for not allowing the use of the deposition, in this case, is incorrect. As appellant correctly argues, a deposition is not required to be filed with the court in order for the deposition to be used for impeachment purposes. See Williams v. State, 472 So.2d 1350 (Fla. 2d DCA 1985).
The state contends that if any error occurred, it is not reversible error because Smith's counsel did not proffer Detective Rosas' testimony. The state argues that in *848 the absence of a proffer, we cannot speculate as to what that testimony would have been in determining whether there has been error. See Lucas v. State, 568 So.2d 18 (Fla. 1990) (proffer necessary to preserve claim because appellate court will not otherwise speculate about admissibility of evidence). Lucas is distinguishable from the case sub judice. In Lucas, the facts do not establish that the trial court prevented defense counsel from proffering the hearsay testimony.
Smith relies on our decision in Kimble v. State, 537 So.2d 1094 (Fla. 2d DCA 1989), wherein we held that any failure of appellant to lay the proper predicate was caused by the trial court's refusal to permit it, and we reversed the case because the trial court improperly limited appellant's cross-examination. In order to lay the proper predicate for impeachment by prior inconsistent statement, the witness must be advised of the substance of the statement, the time and place the statement was made and the person to whom the statement was made. Kimble.
The facts surrounding the alleged error here and the error found in Kimble are very similar. In Kimble, defense counsel began to lay a predicate when the state objected on the grounds of hearsay. A bench conference was held where defense counsel attempted to proffer the witness' testimony. The court then sustained the state's objection thereby disallowing the testimony. In the case sub judice, defense counsel began laying the predicate for impeaching Rosas' testimony, but was abruptly cut off by the trial judge. The trial court here sua sponte stated that if the deposition was not on file, defense counsel could not use it. Any failure of Smith's counsel to proffer Rosas' testimony was caused by the trial court's refusal to permit it. See Kimble. Accordingly, the case is reversed and remanded for a new trial.
Reversed and remanded.
LEHAN and PARKER, JJ., concur.