718 So.2d 222 (1998)
Raymond ARGYROS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05358.
District Court of Appeal of Florida, Second District.
July 31, 1998.
Rehearing Denied September 9, 1998.
*223 Denis M. de Vlaming, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Raymond Argyros challenges his perjury conviction on two grounds: first, that the State failed to prove that every allegedly perjurious statement was false; and, second that the State failed to prove that any of the alleged perjuries were material. The second contention has merit, and we reverse Mr. Argyros' conviction. Because our resolution of this issue is dispositive, we need not address Mr. Argyros' first contention.
The State charged Mr. Argyros, an attorney, with making three false statements in a deposition and further alleged that those statements were material to the issues of testamentary capacity or undue influence in a wills contest case. The statements concerned who was present at the execution of certain documents. The physical ability of the testator to sign the will was also in issue. We conclude, however, that none of the allegedly perjurious statements were material to resolution of any issue in the will contest.
To sustain a perjury conviction, the State must prove "that such testimony was material to the issue upon which the trial was had." Rader v. State, 52 So.2d 105, 108 (Fla.1951). To be material, the challenged testimony must have "weight and reference to determination of an issue." Smith v. State, 92 So.2d 411, 413 (Fla.1957). Mr. Argyros' allegedly perjurious statements did not meet that standard. Further, the questions that elicit a sworn response should be stated in an affirmative manner with appropriate specificity. See Smith, 92 So.2d at 413. The question Mr. Argyros was asked "okay, for all the documents?"does not satisfy this criterion.
Accordingly, we reverse with instructions to grant Mr. Argyros' motion for directed verdict and to discharge him.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.