785 So.2d 744 (2001)
The STATE of Florida, Appellant,
v.
Jose DIAZ, Hector Llevat, Andre Vaughn, and Florencio Boucourt, Appellees.
No. 3D00-2626.
District Court of Appeal of Florida, Third District.
May 30, 2001.
*745 Robert A. Butterworth, Attorney General, and Frank J. Ingrassia (Ft.Lauderdale), Assistant Attorney General, for appellant.
Janice Burton Sharpstein; Eckert Seamans Cherin & Mellott and Bruce L. Udolf, Miami, for appellees.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
The State of Florida appeals an order dismissing charges of perjury in an official proceeding and conspiracy to commit perjury against Officers Florencio Boucourt, Hector Llevat, Andre Vaughan and Jose Diaz. We affirm.[1]
The issue before this court is whether defendants' statements, given in depositions, were material to the charges in the underlying drug prosecution involving Adrian Ramos. Because the materiality of the allegedly false statements is a threshold matter when considering perjury charges, the trial court could properly determine, prior to trial, whether defendants' statements were material to the state's prosecution of Ramos' case. See State v. Ellis, 723 So.2d 187 (Fla.1998). We affirm the order and hold that the statements were not material to that case.
The perjury in an official proceeding statute proscribes making a false statement "under oath in an official proceeding in regard to any material matter." § 837.02, Fla. Stat. (2000). As to the issue of materiality, the supreme court explained in Wolfe v. State, 271 So.2d 132 (Fla.1972), that
[u]nless the alleged testimony given under oath is germane or material to the inquiry or charge, then its truthfulness is not the vital issue because the purpose to be guarded against and the reasons for the punishment for perjury are to deter persons from testifying under oath to false statements in order to mislead the trier of the facts such as the court or the jury or both and thereby to thwart and pervert justice.
Wolfe, 271 So.2d at 134. See § 837.011(3), Fla. Stat. (2000)(defining "material matter" as "any subject, regardless of its admissibility under the rules of evidence, which could affect the course or outcome of the proceeding"). Thus, it is insufficient that the statements are untrue or incorrect: *746 the statements must have a bearing on a determination in the underlying case.
The State contends that defendants' statements are material to the issue of consent to the entry and search of Ramos' apartment and to his arrest. We disagree. At the outset, it must be noted that the statements do not concern the circumstances surrounding Ramos' consent. Here, the statements set forth in the statement of particulars, involving civilian encounters prior to entry into Ramos' apartment, seizure of drugs from the civilians, and anonymous tips concerning Ramos' drug activity, are not corroboratively or collaterally material to the consent issue. The statements do not demonstrate any impropriety in the entry into or the search of Ramos' apartment, or his arrest, and, as such, would have no effect on any determination as to those issues. Thus, the statements could not mislead the court and thwart justice. See Wolfe, 271 So.2d at 132; Argyros v. State, 718 So.2d 222 (Fla. 2d DCA 1998); Soller v. State, 666 So.2d 992 (Fla. 5th DCA 1996). Nor do the statements tend to impeach the testimony of any of the state's witnesses or to bolster defendants' own credibility. The listed statements do not affect any witness' credibility as to the consent issue. See Soller, 666 So.2d at 992; 15A Fla. Jur.2d Criminal Law § 4176 (1993). Compare State v. Barbuto, 571 So.2d 484 (Fla. 2d DCA 1990)(defendant's false statements as to his involvement in a federal crime and concerning a state witness and statements were material as statements tended to bolster his credibility and impeach state witness); Kline v. State, 444 So.2d 1102 (Fla. 1st DCA)(false statements as to expert witness' credentials material as such statements would bolster the credibility of his opinion), review denied, 451 So.2d 849 (Fla.1984), abrogated on other grounds by State v. Ellis, 722 So.2d at 824; Wells v. State, 270 So.2d 399 (Fla. 3d DCA 1972)(false statements concerning state witness' attempt to falsify evidence were material to issue of state witness' credibility). Finally, the statements are not "material to the issue upon which the trial was had...." Rader v. State, 52 So.2d 105, 108 (Fla.1951); Shelton v. State, 157 Fla. 482, 26 So.2d 444 (1946); Argyros, 718 So.2d at 223. Here, the issue of consent was not in dispute in the Ramos prosecution: Ramos signed a written consent to search and did not contest the validity of that consent. Therefore, defendants' allegedly false statements were not material to any matter to be determined in the underlying drug prosecution. Accordingly, the court properly dismissed the charges.
Affirmed.
NOTES
[1] We find no merit in the State's contention that the trial court abused its discretion in denying the State's continuance motion: the court afforded the State a several-hour recess to prepare and the State agreed to address the merits of defendants' dismissal motion at the subsequently-held hearing. See Branch v. State, 685 So.2d 1250(Fla.1996)(granting or denying of a continuance motion is within the court's sound discretion and will not be disturbed absent an abuse of discretion).