GODERICH, Judge.
The State seeks a petition for writ of certiorari quashing the trial court’s order precluding the State’s use of perpetuated testimony. We grant the petition and quash the order below.
The defendant, Peterson Charles, was charged with armed burglary with assault or battery and armed robbery. The case was set for trial on January 8, 2002. On January 7, 2002, the State flew the alleged victim to Florida from Haiti. On the day of trial, defense counsel acknowledged that the State had flown in the victim but stated that he was not ready to proceed to trial and requested a continuance. The trial court offered to grant the continuance on the condition that the victim’s testimony be perpetuated by way of videotaped deposition. Defense counsel stated that he objected because he preferred to have the victim at trial, but if it was the only way the court would grant the continuance, he would agree to the perpetuation of testimony. The trial court granted the continuance. Later, defense counsel sought clarification of the reason for the perpetuation of the testimony, and he asked the court:
[W]hen we say not available, ... I know [the State] doesn’t have contact with [the victim] all the time because he lives in Haiti and he’s not under the subpoena power of this court. I understand that and that’s always going to be a reason, a valid reason for a motion to perpetuate testimony.
But if it’s just that the State’s whatever reason they don’t want to fly him in is that also going to be determined not available by the Court?
The trial court responded:
Well, I’ve heard it takes up to three different people to get in touch with this particular witness. So the difficulty combined with the distance and the limitation on my jurisdiction is what’s compelling me to make you this offer at this time.
Otherwise, we can just go to trial now and this witness is here and have his testimony live in front of the jury right now if that’s what you want to do.
The victim’s testimony was perpetuated on January 10, 2002, before the trial judge in open court with the defendant present.
On April 23, 2002, the case came up for trial before a subsequent trial judge. The *1109 State expressed its intent to use the victim’s perpetuated testimony because the victim was unavailable and the State had been unable to find him. The trial court asked whether a motion to perpetuate testimony had been filed and granted. Defense counsel answered stating that none had been filed. He explained to the trial court what had happened before the original trial judge. He stated that the victim had been flown in by the State, that he had requested a continuance, that the trial court did not want the State to have to pay to fly the victim in again, and that trial court offered to grant the continuance if the defense agreed to perpetuate the victim’s testimony. The State was represented by a different Assistant State Attorney than the one who had appeared before the original judge, and he did not dispute defense counsel’s representations. The trial court again verified with the State that no motion had been filed and ruled that “without a motion to perpetuate testimony that was filed by the State to verify the reason, the person would be unavailable as required by [Fla. R.Crim. P.] 3.190(j)[1] ... [it] would not be a proper preservation of perpetuation of testimony under 3.190.” Thereafter, on May 2, 2002, the trial court entered a written order precluding the State’s use of the victim’s perpetuated testimony because of the absence of a written motion filed by the State and because of a failure to follow the requirements of Fla. R.Crim. P. 3.190(j). The trial court noted that this finding was made without the benefit of the transcript of the hearing before the original judge.
The State petitions this Court for a writ of certiorari contending that the trial court departed from the essential requirements of law by precluding the use of the victim’s perpetuated testimony resulting in irreparable injury. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const. See also State v. Pettis, 520 So.2d 250 (Fla.1988).
Specifically, the State argues that although it did not comply with the requisites of rule 3.190(j) by filing a motion seeking the perpetuation of the victim’s téstimony, the defense waived any objections. We agree. .
As an initial 'matter, we note that the granting or denying of a continuance lies within the sound discretion of the trial court and that such a ruling will not be disturbed absent an abuse- of discretion. Branch v. State, 685 So.2d 1250, 1252 (Fla.1996), cert. denied, 520 U.S. 1218, 117 S.Ct. 1709, 137 L.Ed.2d 833 (1997); State v. Diaz, 785 So.2d 744, 745 (Fla. 3d DCA 2001). Further, the requirements of rule 3.190(j) can be waived. In State v. Wells, 538 So.2d 1292 (Fla. 2d DCA 1989), the trial court orally granted the State’s motion to perpetuate the victim’s testimony, but the State failed to submit a written order for the trial court’s signature. The trial court suppressed the videotaped deposition finding the State had failed to strictly comply with the. requisites of rule 3.190(j) in that no written order was submitted to the court and therefore, no commission was issued to take the deposition. The Second District reversed finding that defense counsel’s failure to object waived any procedural defect upon which the trial court relied. Further, there was no prejudice that resulted by the absence of a written order appointing a commission.
*1110 In the instant case, a review of the transcript of the hearing before the original judge, which the subsequent judge did not have the benefit of, shows that defense counsel did not raise any objections based on the State’s failure to meet the requisites of rule 3.190. Rather, defense counsel’s only objection was that he would prefer to have the victim at trial. Nevertheless, the defense accepted the court’s offer to perpetuate the victim’s testimony and received the continuance it desired, thereby waiving the requisites of rule 3.190(j). Further, as the defense can show no prejudice, Richardson v. State, 246 So.2d 771, 774 (Fla.1971)(holding that “the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with rule resulted in prejudice or harm to the defendant”), we grant the State’s petition and quash the trial court’s order precluding the use of the victim’s perpetuated testimony.
Petition granted; order quashed.

. Florida Rule of Civil Procedure 3.190(j) provides for a "Motion to Take Deposition to Perpetuate Testimony.” Subsection (1) states, in part:
The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness’s testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.