985 So.2d 1207 (2008)
Raphael COHEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1421.
District Court of Appeal of Florida, Third District.
July 9, 2008.
*1208 Paul Morris, Miami, for appellant.
Bill McCollum, Attorney General, and Lunar Claire Alvey, Assistant Attorney General, for appellee.
Before RAMIREZ, and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Raphael Cohen appeals his perjury conviction following a trial by jury. We reverse because the elicited testimony constituted an opinion, which is an inappropriate basis to support a conviction for perjury.
In August of 1999, Susan Chalom contracted Cohen to supervise home renovations. Work disputes arose between the two parties. Chalom alleged that Cohen defrauded her. She claimed that she paid Cohen a large sum of money for his services and that he did not complete the renovations.
The issue in this case involves a sworn voluntary statement Cohen made to the police department three years after the execution of the contract with Chalom. The perjury charge alleged that Cohen, in violation of section 837.02, Florida Statutes (1999),[1] falsely stated "... that the architects and contractors quit the Chalom's home renovation project because they did not want to deal with Ms. Chalom and this caused delay and additional expenses for the Chalom project." Inherent in the statement is an expression of belief. Cohen *1209 did not testify that any one or all the architects or contracts told him the reason they quit. The detective questioning Cohen never specifically asked him why he thought the contractors and architects did not want to deal with Ms. Chalom or how he knew why they quit the project. At least four contractors and three architects worked on the project. To prove the charge, the prosecution only called one contractor and one architect to testify at trial.
This Court has held that statements alleged to be perjurious must be of "empirical fact" and not of opinion, belief or perception. See Vargas v. State, 795 So.2d 270, 274 (Fla. 3d DCA 2001). One of the essential elements of perjury in official proceedings is that the person making the statement does not believe it to be true. Id. at 272. The elements of perjury in official proceedings are: 1) making a false statement, 2) which one does not believe to be true, 3) under oath in an official proceeding, 4) in regard to any material matter. See § 837.02(1), Fla. Stat. (1999). See also Hirsch v. State, 279 So.2d 866, 869 (Fla.1973). The questions posed to elicit perjured testimony must be asked with the appropriate specificity necessary to result in an equally specific statement of fact. See Argyros v. State, 718 So.2d 222 (Fla. 2d DCA 1998). To present a prima facie case, the prosecution must prove each and every element of an offense charged beyond a reasonable doubt. When the prosecution fails to meet this burden, the case should not be submitted to the jury, and a judgment of acquittal should be granted. See Baugh v. State, 961 So.2d 198, 203-04 (Fla.2007). Here, the State posed questions to elicit Cohen's testimony that were not asked with the appropriate specificity necessary to result in a congruently specific statement of fact. See Argyros, 718 So.2d at 223; see also Bronston v. United States, 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973) ("Precise questioning is imperative as a predicate for the offense of perjury.").
We thus conclude that the questions the police asked during Cohen's voluntary interview lacked the appropriate specificity necessary to result in an equally specific statement of fact. Cohen's statement as to why the contractors and architects quit was a statement of opinion for which a perjury conviction cannot stand. We therefore reverse the conviction.
NOTES
[1] Section 837.02(2), Florida Statutes (1999) provides: "Whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding, in regard to any material matter, commits a felony of the second degree."